UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TONY PEREZ,

                          Civil Case No.

                Plaintiff,

      -against-                           **COMPLAINT**

PREPARATORY SCHOOL COMPANY, individually
and d/b/a "DWIGHT SCHOOL" and "THE NEW YORK       PLAINTIFF
PREPARATORY,"                                 DEMANDS
JOSEPH DOWLING, individually,             A TRIAL BY JURY
MARIO SANTOMOSSIMO, individually, and
KAREN SUAZO, individually,

                Defendants.
------------------------------------------------------------------------X


      Plaintiff, TONY PEREZ (hereinafter referred to as "PEREZ" and/or "Plaintiff"), by and through his attorneys, DEREK SMITH LAW GROUP, PLLC, hereby complains of Defendants, PREPARATORY SCHOOL COMPANY, individually, and d/b/a "DWIGHT SCHOOL" and "THE NEW YORK PREPARATORY" (hereinafter referred to as "DWIGHT"), JOSEPH DOWLING (hereinafter referred to as "DOWLING"), individually, MARIO SANTOMOSSIMO (hereinafter referred to as "SANTOMOSSIMO"), individually, and KAREN SUAZO (hereinafter referred to as "SUAZO"), individually, (hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

## NATURE OF THE CASE

1.    Plaintiff complains of Defendants pursuant to the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §1981 ("1981"), and to remedy violations of the New York State Human Rights Law; New York Executive Law, § 290, et seq. ("the Executive

Law"), and the Administrative Code of the City of New York 8-107 et seq. ("NYCHRL");,

seeking declaratory and injunctive relief and damages to redress the injuries that Plaintiff

suffered as a result of, *inter alia*, disability and race discrimination, together with hostile

work environment, retaliation, and wrongful termination by Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court pursuant to 28 U.S.C. §1331 and 28

   U.S.C. §1343 and pendent jurisdiction thereto, as this case involves a Federal Question under

   the ADA and 1981.

3. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil

   actions arising under the Constitution, laws, or treaties of the United States."

4. Additionally, this Court has supplemental jurisdiction over the State and City law causes of

   action asserted herein pursuant to 28 U.S.C. § 1367 and *United Mine Workers of America v.*

   *Gibbs*, 383 U.S. 715 (1966).

5. On or about August 7, 2018, Plaintiff submitted a Charge to the Equal Employment

   Opportunity Commission ("EEOC").

6. On or about April 26, 2019, Plaintiff received a Right to Sue Letter from the U.S. Equal

   Employment Opportunity Commission.

7. Plaintiff satisfied all administrative prerequisites and has filed this case within ninety (90)

   days of receiving the Right to Sue Letter.

8. At all times material, Defendant DWIGHT had and has over fifteen (15) employees.

9. Venue is proper in this District based upon the fact that the events or omissions which gave

   rise to the claims asserted herein occurred within the Southern District of New York.

## **PARTIES**

8.  At all times material, Defendant DWIGHT is a Foreign Business Corporation duly existing by the virtue and laws of the State of New Jersey that does business in the State of New York.

9.  At all times material, DWIGHT is a private international school with several locations in New York.

10. At all times material, Defendant DWIGHT employed Plaintiff.

11. At all times material, Defendant DOWLING was and is the Facilities Manager of Defendant DWIGHT.

12. Defendant DOWLING held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. DOWLING held the power to hire and fire Plaintiff.

13. At all times material, Defendant SANTOMOSSIMO was and is the Night Manager of DWIGHT.

14. Defendant SANTOMOSSIMO held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. Defendant SANTOMOSSIMO held the power to hire and fire Plaintiff.

15. At all times material, Defendant SUAZO was and is the Human Resources Director of Defendant DWIGHT. Defendant SUAZO held supervisory authority over Plaintiff, controlling many of Plaintiff's job duties. Defendant SUAZO held the power to hire and fire Plaintiff.

16. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## MATERIAL FACTS

17. At all times material, Defendant DWIGHT employed RICHARD ALLEYNE (hereinafter referred to as "ALLEYNE") as a Maintenance Worker.

18. At all times material, Defendant DWIGHT employed KAREN KING (hereinafter referred to as "KING") as a School Bus Driver.

19. Defendant DWIGHT hired Plaintiff in or around June 2014 as a School Bus Driver.

20. In or around February 2017, Plaintiff heard that Defendant SANTOMOSSIMO was making racist comments and sexually harassing female subordinates who were too afraid of losing their jobs to report Defendant SANTOMOSSIMO to human resources.

21. Plaintiff was shocked to hear this and immediately reported it to human resources.

22. In or around March 2017, Plaintiff discovered to his horror that his Facilities Manager, Defendant DOWLING, was close personal friends with Defendant SANTOMOSSIMO and had been put on notice of Plaintiff 's complaints of discrimination and sexual harassment against Defendant SANTOMOSSIMO.

23. Plaintiff's interactions with Defendant DOWLING became increasingly tense after this.

24. In or around April 2017, Defendant SANTOMOSSIMO stated during a team meeting that "all black people are in gangs and sell crack."

25. Again, Plaintiff immediately complained of these racially discriminatory comments to human resources.

26. On or about May 30, 2017, Plaintiff 's hand was injured by a loose tire while he was performing his job duties as a School Bus Driver. Plaintiff was told he would be allowed to take time off on disability and return to his job once his injury healed.

27. Based on Defendants' assurances, Plaintiff went out on disability while his injury healed.

28. On or about September 18, 2017, Plaintiff returned to work to find that Defendant DOWLING had replaced him with a full-time employee, ANTHONY ROSA (hereinafter referred to as "ROSA").

29. Defendant DOWLING also accused Plaintiff of faking his injury.

30. Defendants discriminated against Plaintiff on the basis of his disability and race, and retaliated against Plaintiff for his protected complaints of racial discrimination and sexual harassment against Defendant SANTOMOSSIMO by moving him to a maintenance position without a permanent schedule.

31. Plaintiff 's new maintenance position required him to perform tasks that violated his medically proscribed lifting restriction. Plaintiff could have easily performed his old job duties without violating his lifting restriction.

32. Furthermore, Defendants refused to provide Plaintiff with a regular, permanent schedule as a maintenance employee making it impossible for Plaintiff to make his physical therapy appointments. Plaintiff complained about this to human resources, but Defendants refused to accommodate his disability.

33. On or about October 23, 2017, over a month after Plaintiff was switched to a maintenance position, Defendants finally gave Plaintiff a permanent schedule.

34. Unfortunately, Defendants refused to adjust Plaintiff 's permanent schedule to allow him to attend physical therapy despite his complaints.

35. On or about November 16, 2017, Defendant SANTOMOSSIMO falsely accused Plaintiff of leaving work early and not completing his job duties in retaliation for Plaintiff 's complaints

against Defendant SANTOMOSSIMO.

36. Plaintiff informed Defendant SANTOMOSSIMO that the video cameras would clearly show that he did not leave work early, but Defendant SANTOMOSSIMO dismissed Plaintiff 's argument without checking the cameras.

37. On or about November 17, 2017, Defendant DOWLING terminated Plaintiff after falsely claiming that Plaintiff refused work orders, tore them up, and threw them in the garbage.

38. In fact, this was merely pretext. Defendants discriminated against and terminated Plaintiff because of his disability and race, and because he complained and opposed the unlawful conduct of Defendant related to the above protected classes.

39. Immediately after terminating Plaintiff, Defendant DOWLING sent an email to Defendants' attorney claiming he fired Plaintiff because another employee, ALLEYNE, claimed that he was terrified of Plaintiff because Plaintiff had threatened him.

40. This second proffered reason for terminating Plaintiff was also merely pretext.

41. Unbeknownst to Defendant DOWLING, ALLEYNE was actually a personal friend of Plaintiff who resided in Plaintiff 's neighborhood, and ALLEYNE confirmed to Plaintiff that this was a complete fabrication.

42. Plaintiff 's last day at work was November 17, 2017.

43. At the time Defendants terminated Plaintiff, Plaintiff's hourly rate was approximately $20.00 an hour, and Plaintiff worked approximately fifty-five (55) hours a week, with a gross annual income of approximately $62,500.00.

44. The above are just some of the examples of unlawful, discriminatory, and retaliatory conduct to which Defendant subjected Plaintiff.

45. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

46. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

47. As a result of Defendants 'unlawful and discriminatory actions, Plaintiff has endured unwarranted financial hardships and irreparable damage to his professional reputation.

48. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation, which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

49. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against Defendants, jointly and severally.

50. Plaintiff also seeks reinstatement.

51. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**(AGAINST DEFENDANT "DWIGHT")**

52. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

53. Plaintiff claims Defendant ATRIA violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

54. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

55. Plaintiff hereby makes a claim against Defendant DWIGHT under all of the applicable paragraphs of the ADA.

56. Defendant DWIGHT violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE AMERICANS WITH DISABILITIES ACT**
**(AGAINST DEFENDANT "DWIGHT")**

57. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Plaintiff claims Defendant DWIGHT violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the

United States Code, beginning at section 12101.

59. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

60. Defendant DWIGHT engaged in unlawful employment practice prohibited by the above statute, by retaliating against Plaintiff with respect to the terms, conditions or privileges of his employment because of his opposition to the unlawful employment practices of Defendant DWIGHT.

61. Defendant DWIGHT violated the above and Plaintiff suffered numerous damages as a result.

**AS A THIRD CAUSE OF ACTION**
**UNDER FEDERAL LAW**
**42 U.S.C. SECTION 1981**
**(AGAINST ALL DEFENDANTS)**

62. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

63. 42 U.S.C.A. Section 1981 states in relevant part as follows:

(a) "Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. §1981.

64. Defendants discriminated against Plaintiff's Hispanic race, in violation of the rights afforded to him by 42 U.S.C. §1981.

65. By the conduct described above, Defendants intentionally deprived Plaintiff of the same rights as are enjoyed by white citizens, to the creation, performance, enjoyment, and all benefits and privileges of their contractual relationship with Defendants, in violation of 42 U.S.C. §1981.

66. Further, Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving other non-white individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

67. As a result of Defendants' discrimination in violation of Section 1981, as a member of the Hispanic race, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of his contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

68. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

69. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

70. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

71. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

72. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race and disability and fostering a hostile work environment.

73. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or

discriminate against any person because [s]he has opposed any practices forbidden under this article."

77. Defendants engaged in an unlawful practice by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

78. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

79. Defendant engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW
## (AGAINST ALL DEFENDANTS)

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

82. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

83. Defendant engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

84. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

87. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability and race.

88. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

89. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A EIGHTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

90. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

92. Defendants engaged in an unlawful practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by retaliating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

93. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN NINTH CAUSE OF ACTION**
**FOR AIDING AND ABETTING UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(AGAINST ALL DEFENDANTS)**

94. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

95. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

96. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

97. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR INTERFERENCE UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

98. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

99. Section 8-107(19), entitled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

100. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A ELEVENTH CAUSE OF ACTION
## FOR SUPERVISOR LIABILITY UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
## (AGAINST ALL DEFENDANTS)

101. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

102. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful

discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

103. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

Dated:   New York, New York
         July 24, 2019

                            **DEREK SMITH LAW GROUP, PLLC**
                            *Attorneys for Plaintiff*

                            /s/ Ishan Dave
                            Ishan Dave, Esq.
                            1 Pennsylvania Plaza, Suite 4905
                            New York, New York 10119
                            (212) 587-0760
                            Ishan@dereksmithlaw.com